ANDREW J. COLLINS, RESPONDENT, v. THE CENTRAL RAILROAD OF NEW JERSEY, APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

Where the plaintiff's case only shows that a radiator, standing in a seemingly secure place in defendant's freight house, fell on the plaintiff without apparent reason, the burden of showing absence of negligence is not cast on the defendant, and an instruction to the jury that for want of satisfactory explanation by the defendant of the cause of the falling of the radiator, it would be required to find the defendant guilty of negligence, was error, because it relieves plaintiff from any proof of negligence.

On appeal from the Essex County Circuit Court.

For the appellant, *Charles E. Miller* and *George M. Holmes.*

For the respondent, *C. Herbert Walker.*

The opinion of the court was delivered by

BERGEN, J. The respondent brought this action to recover for injuries caused by the falling on him of a radiator stored in appellant's freight house, resulting in a judgment in his favor which appellant seeks to review.

The testimony shows that the radiator was standing against the wall of a passageway, with some bags of manure, which the respondent was removing, piled against it, and that he had taken one bag away and when he attempted to remove another the radiator fell on him; exactly why this happened the evidence does not disclose, neither party showing any reason for the occurrence. With the evidence in this situation the trial court charged the jury as follows: "If you find from the evidence that the radiator fell from what seemed to be a secure position, without any instrumentality, any action on the part of the plaintiff, Mr. Collins, so that he cannot be connected in any way with the result, then, in that view of the case, the company is called upon to make an explanation, and the question for you would be whether the evidence affords a satisfactory explanation. If it does, that, of course, would acquit the company. If no satisfactory explanation is afforded, then, the burden being on the company to furnish an explanation, the result of that line of reasoning would be adverse to the company and would point to a verdict against it." This amounts to an instruction that if the radiator fell, from what seemed to be a secure position, without any apparent reason, the burden is put upon the defendant to make a satisfactory explanation why it fell, and if it should not, such failure would justify a verdict against it. That is, a defendant is to be charged with negligence if the plaintiff shows the happening of an unexplainable accident, unless he bears the burden of a satisfactory explanation

by proof of facts, knowledge of which by him cannot be inferred from any proof offered in the cause.

This is in opposition to the rule of law prevailing in this state. In *Hughes* v. *Atlantic City Railroad Co.,* 85 *N. J. L.* 212, Mr. Justice Swayze, speaking for this court, said: "The mere occurrence of the present injury did not require a finding of negligence, since the bulb may have burst from some cause beyond the defendant's control. When the judge said that the burden shifted, the context shows that he means the duty of persuasion upon the whole case."

So, in this case, where the plaintiff's proof only shows that the radiator, standing in a seemingly secure place, fell on the plaintiff without apparent reason, the burden of showing absence of negligence was not cast on the defendant, and an instruction to the jury that for want of satisfactory explanation by defendant of the cause of the falling of the radiator, it would be required to find defendant guilty of negligence, was error because it relieves the plaintiff from any proof of negligence.

To the same effect is *Niebel* v. *Winslow,* 88 *N. J. L.* 191, and *Fanshawe* v. *Rawlins,* 89 *Id.* 344.

The judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 15.